UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR<br>GUN RIGHTS<br>P.O. Box 7002<br>Fredericksburg, VA 22404,<br><br>    Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES<br>99 New York Avenue, NE<br>Washington, D.C. 20226,<br><br>    Defendant. | Civil Case No. 1:24-cv-3163 |

## COMPLAINT

1. Plaintiff National Association for Gun Rights ("NAGR") brings this action against the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel ATF's compliance with the FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff NAGR is a nonpartisan, nonprofit civil rights organization dedicated to American's Second Amendment rights.

1

5. Defendant ATF is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). ATF has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On June 20, 2024, NAGR submitted a FOIA request (Exhibit A) to ATF for the following records related to its examination of the FRT-15 device and determination that it meets the legal definition of "machinegun:"

    1. From December 1, 2020, to January 31, 2023, all communications to, from, or copying Alfonso Hughes, William Ryan, Earl Griffith, or Marvin Richardson referring or relating to:
        a. Forced reset triggers;
        b. Department of Justice directions on the classification of forced reset triggers;
        c. ATF Legal Division communications transmitting content for the Firearms and Ammunition Technology Division (FATD) to include in examination reports for of FRTs;
        d. Any draft or final reports of examinations of forced reset triggers;
        e. Communications which indicate internal disagreement within the ATF over the classification of FRTs as machine guns,
        f. Directions from outside FATD to classify FRTs as machineguns; and
        g. Any communications from outside the FATD of content for inclusion in the FATD's examination reports of FRTs.

    2. From December 1, 2020, to the date this request is processed, all ATF internal communications related to the determination that the FRT-15 is a machinegun indicating disagreement by employees within the ATF that the FRT-15 is a machinegun.

    3. From December 1, 2020, to the date this request is processed, all ATF internal communications to Anthony Ciravolo relating to his examination report concluding that the FRT-15 is a machinegun, including any directions, suggestions, comments, corrections, or guidance as to the conclusions reflected in his examination report.

7. Release of these records is in the public interest because it will contribute to the public's understanding of how ATF makes decisions that affect American's constitutional rights.

8. On July 11, 2024, ATF sent NAGR an email stating that the request had been received and assigning it the tracking number 2024-01472. The letter stated that ATF was extending its time to respond to the request by ten additional days due to "unusual circumstances" that applied.

9. On September 21, 2024, ATF sent NAGR an email stating that the request was "still open and actively being worked on." The email contained no details about ATF's work on the request, nor an estimate for when it would respond to the request. This was the last communication about the request that NAGR received from ATF.

10. To date, ATF has not provided a response to the request, an estimate for when it will do so, or any other communication regarding it.

11. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

12. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

13. Over 140 days have elapsed since ATF received NAGR's request, yet ATF still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). ATF has not produced responsive

documents to NAGR, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed NAGR of its ability to appeal any adverse portion of its determination.

14. Given these facts, ATF has not met its statutory obligations to provide the requested records.

15. Through ATF's failure to make a determination within the time period required by law, NAGR has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a. NAGR repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

b. NAGR's request was a properly submitted request for records within the possession, custody, and control of ATF.

c. ATF is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. ATF is wrongfully withholding non-exempt agency records requested by NAGR by failing to produce non-exempt records responsive to its request.

e. ATF's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff NAGR is therefore entitled to declaratory and injunctive relief requiring ATF to promptly produce all non-exempt records responsive to its FOIA request and provide

an index justifying the withholding of any responsive records withheld under claim of exemption.

### **REQUESTED RELIEF**

Plaintiff NAGR respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant ATF complies with the requirements of FOIA and any and all orders of this Court.

(2) Order ATF to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to NAGR's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award NAGR's the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant NAGR other such relief as the Court deems just and proper.

Dated: November 7, 2024

Respectfully submitted,

NATIONAL ASSOCIATION FOR GUN RIGHTS

By Counsel:

/s/ Jacob William Roth
Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

Gary M. Lawkowski

>  D.D.C. Bar ID: VA125
>  DHILLON LAW GROUP, INC.
>  2121 Eisenhower Avenue, Suite 608
>  Alexandria, Virginia 22314
>  Telephone: 703-574-1654
>  GLawkowski@Dhillonlaw.com
>
>  *Counsel for the Plaintiff*